MOHAMMED K. GHODS (SBN 144616)
JEREMY A. RHYNE (SBN 217378)
LEX OPUS
2100 N. Broadway, Suite 210
Santa Ana, CA 92706
Telephone:   (714) 558-8580
Facsimile:    (714) 558-8579
jrhyne@lexopusfirm.com

RUBEN ESCOBEDO (SBN 277866)
WORKWORLD LAW CORP.
A Professional Corporation
731 S. Lincoln Street
Santa Maria, CA 93458
Telephone:   (805) 335-2476
Facsimile:    (805) 892-6213
Email: ruben@workworldlaw.com

Attorney for Plaintiff, MICHAEL REAL, as Private
Attorney General for the State of California

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL REAL, as Private Attorney General for the State of California,<br><br>Plaintiff,<br><br>vs.<br><br>WILINE NETWORKS INC., a corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO: 8:20-cv-01606-SB-JDE<br><br>*Assigned for All Purposes to:*<br>*Hon. Stanley Blumenfeld, Jr. - Ctrm. 6c*<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR APPROVAL OF PAGA SETTLEMENT**<br><br>**Date:**       May 28, 2021<br>**Time:**       8:30 a.m.<br>**Crtrm.:**    6c (via Zoom)<br><br>*Trial Date:      July 26, 2021*<br>*Action Removed: August 27, 2020* |

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR APPROVAL OF PAGA SETTLEMENT**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 28, 2021, at 8:30 a.m., or as soon thereafter as this matter may be heard, in Courtroom 6c of the above-referenced Court, located at 350 West 1st Street, Los Angeles, CA 90012, via Zoom videoconference technology, Plaintiff MICHAEL REAL ("Plaintiff"), will move and hereby does move this Court for an order approving the settlement of Plaintiff's claims for penalties under the Private Attorneys General Act of 2004 ("PAGA"), pursuant to Labor Code § 2699(1)(2). The grounds for this Motion are that the parties' settlement agreement is fair and reasonable, and the settlement advances the purpose of the PAGA.

**PLEASE TAKE FURTHER NOTICE** that the Court's Zoom Webinar Information and Guidelines for Zoom Court Proceedings are available here: https://www.cacd.uscourts.gov/honorable-stanley-blumenfeld-jr.

This Motion is based on this Notice, the parties' settlement agreement, the concurrently-filed Memorandum of Points and Authorities and Declarations of Jeremy A. Rhyne and Ruben Escobedo, the pleadings, records, and files in the case, and such other further oral and documentary evidence which may be submitted at or before the hearing on this Motion.

DATED: April 30, 2021

**WORKWORLD LAW CORP.**
A Professional Corporation


By:  /s/ Ruben Escobedo
RUBEN ESCOBEDO
Attorneys for Plaintiff, MICHAEL REAL,
and on Behalf of Other Members of the
Public Similarly Situated and the State of
California

MOHAMMED K. GHODS (SBN 144616)
JEREMY A. RHYNE (SBN 217378)
LEX OPUS
2100 N. Broadway, Suite 210
Santa Ana, CA 92706
Telephone:   (714) 558-8580
Facsimile:    (714) 558-8579
jrhyne@lexopusfirm.com

RUBEN ESCOBEDO (SBN 277866)
WORKWORLD LAW CORP.
A Professional Corporation
731 S. Lincoln Street
Santa Maria, CA 93458
Telephone:   (805) 335-2476
Facsimile:    (805) 892-6213
Email: ruben@workworldlaw.com

Attorney for Plaintiff, MICHAEL REAL, as Private
Attorney General for the State of California

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL REAL, as Private Attorney General for the State of California,<br><br>Plaintiff,<br><br>vs.<br><br>WILINE NETWORKS INC., a corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO: 8:20-cv-01606-SB-JDE<br><br>*Assigned for All Purposes to:*<br>*Hon. Stanley Blumenfeld, Jr. - Ctrm. 6c*<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR APPROVAL OF PAGA SETTLEMENT**<br><br>**Date:**       May 28, 2021<br>**Time:**      8:30 a.m.<br>**Crtrm.:**    6c (via Zoom)<br><br>*Trial Date:      July 26, 2021*<br>*Action Removed: August 27, 2020* |

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.    INTRODUCTION AND BACKGROUND

Plaintiff filed a claim under the Private Attorneys General Act ("PAGA") with the State of California.  After extensive negotiations, the parties reached a settlement agreement, which the parties recently memorialized in a long-form settlement agreement, a copy of which is attached to the Escobedo Declaration as Exhibit 1.  *See* Escobedo Decl., ¶ 23.

In sum, the parties' agreement requires Defendant to pay a total of $25,000, including $5,000 directly to Plaintiff in exchange for a general release; $17,500 in attorneys' fees and costs; and $2,500 to be distributed to the Labor & Workforce Development Agency and aggrieved employees in equal shares.  *See* Escobedo Decl., ¶ 23.

Pursuant to Labor Code § 2699(l)(2), "the superior court shall review and approve any settlement of any civil action filed pursuant to this part. The proposed settlement shall be submitted to the agency while it is submitted to the Court."  The parties filed a Stipulation jointly requesting approval of the parties' settlement.  *See* Dkt. #18. As required, prior to filing the Stipulation, Plaintiff's counsel submitted the Stipulation including the parties' agreement to the LWDA.  *See* Escobedo Decl., ¶ 30.

On April 29, 2021, the Court requested a noticed motion before deciding whether it will grant approval pursuant to § 2699(l)(2).  *See* Dkt. #19.  In accordance with the Court's order, on April 29, 2021, Plaintiff's counsel filed the Court's April 29, 2021 Order re: Stipulation for Order Approving Settlement with the LWDA in Case No. LWDA-CM-799335-20.  *See* Escobedo Decl., at ¶ 31.  Plaintiff also informed the LWDA of the hearing date on this Motion.  *See* Exhibits 2 and 3 to Escobedo Decl.  As discussed further below, the parties respectfully request that the Court grant the present motion and entered the proposed order submitted concurrently herewith.

## II.    THE COURT SHOULD APPROVE THE PAGA SETTLEMENT.

Courts often "approve PAGA settlements only if (1) the statutory requirements set forth by PAGA have been satisfied, and (2) the settlement agreement is fair, reasonable, and adequate in view of PAGA's public policy goals." *Patel v. Nike Retail Servs., Inc.*, No. 14-CV-04781-RS, 2019 WL 2029061, at *2 (N.D. Cal. May 8, 2019).  A motion seeking approval should identify the relevant statutory requirements for a PAGA claim and settlement and address whether they have been satisfied; articulate why the settlement is fair and reasonable considering PAGA's policy goals; and provide support for the reasonableness of the requested fees, including detailed billing entries and counsels' credentials and experience.  *See* Dkt. #19.  The following factors are also "relevant to evaluating the PAGA settlement: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the amount offered in settlement; (4) the extent of discovery completed and the stage of the proceedings; (5) the presence of government participation; and (6) the expertise and views of counsel." *Patel*, 2019 WL 2029061, at *6 (N.D. Cal. May 8, 2019).  These factors favor approval here.

### A.    Plaintiff Satisfied the Statutory Requirements to Maintain a PAGA Action.

"California law closely regulates the working conditions of employees and the payment of their wages." *Huff v. Securitas Sec. Servs. USA, Inc.*, 23 Cal.App.5th 745, 752 (2018).  "PAGA created a type of qui tam action, authorizing a private party to bring an action to recover a penalty on behalf of the government and receive part of the recovery as compensation." *Id.*  From any recovery, 75 percent of any civil penalties are paid to the LWDA, while the remaining 25 percent is paid to the aggrieved employees.  Cal. Lab. Code, § 2699, subd. (i).

"Since PAGA is fundamentally a law enforcement action, a plaintiff must first allow the appropriate state authorities to investigate the alleged Labor Code violations, by providing the Labor and Workforce Development Agency with

written notice of the violations. [Citation.] Only if the agency elects not to pursue the violations may an employee file a PAGA action.  [Citation.] The penalties that can be recovered in the action are those that can be recovered by state enforcement agencies under the Labor Code; they are separate from the statutory damages that can be recovered by an employee pursuing an individual claim for a Labor Code violation." *Huff*, 23 Cal.App.5th at 753.

Here, Plaintiff satisfied the initial notice requirement prior to filing the PAGA action.  Because Plaintiff alleges violations of Labor Code statutes listed in § 2699.5 (namely, §§ 221-223, 201-203, 204, and subdivisions (a)(1), (a)(2), (a)(5), and (a)(9) of § 226), he was required to comply with § 2699.3(a).  He did so.

Plaintiff filed this case in state court on July 21, 2021, as a putative class action without a PAGA claim.  *See* Dkt. 1-1, at ECF p. 3.  Plaintiff's counsel originally proceeded on such basis because, in response to a prelitigation request for production of documents pursuant to Labor Code §§ 226, 1198.5, and 432, Plaintiff's counsel did not receive any arbitration agreement and Mr. Real did not recall signing any arbitration agreement.  *See* Escobedo Decl., at ¶ 12.  Thereafter, Defendant's counsel produced a signed arbitration agreement, which Plaintiff's counsel concluded was valid and enforceable. *See* Escobedo Decl., at ¶ 12.  Defendant also demanded immediate arbitration. *See* Escobedo Decl., at ¶ 12.  Rather than face an arbitration battle, Plaintiff elected to exercise his right to file an amended pleading under then-applicable California rules of procedure.  *See* Escobedo Decl., at ¶ 12.  Plaintiff filed the First Amended Complaint on August 25, 2020, proceeding exclusively under the PAGA.[1]  *See* Escobedo Decl., at ¶ 12.

On July 21, 2020, Plaintiff's counsel served a Notice of Claims upon Defendant via certified mail, and electronically submitted it to the LWDA as

---

[1]    Unlike class actions, PAGA actions are not subject to arbitration agreements or representative-action waivers.  *See, e.g., Betancourt v. Prudential Overall Supply*, 9 Cal.App.5th 439, 445-446 (2017).

1  required by § 2699.3(a).  *See* Exhibit 4 to Escobedo Decl.  The LWDA had 65 days,
2  or until September 24, 2020, to act.  *See* Cal. Lab. Code, § 2699.3, subd. (a)(2)(A).
3  Because the LWDA did not act within the 65-day period following Plaintiff's Notice
4  of Claims (Escobedo Decl., at ¶ 13), Plaintiff was and is authorized to maintain this
5  PAGA action.

6      On August 26, 2020, Defendant filed its Answer in state court asserting,
7  among other things, that Plaintiff failed to exhaust administrative remedies and
8  prerequisites to maintain an action under the PAGA (Third Affirmative Defense).
9  *See* Dkt. 1-2, at ECF p. 3.  Plaintiff's counsel conceded this issue.  Due to the unique
10  circumstances above resulting from the previously unknown arbitration agreement,
11  Plaintiff was unable to wait the full 65-day exhaustion period before filing his First
12  Amended Complaint.

13      During counsel's Rule 26(f) conference, Plaintiff's counsel informed
14  Defendant's counsel that it intended to seek leave to file a second amended
15  complaint specifically alleging that the exhaustion period expired September 25,
16  2020.  *See* Escobedo Decl., at ¶ 15.  In discussing the matter, for the sake of
17  efficiency, Defendant expressed its preference for there to be no second amended
18  complaint, but indicated the exhaustion issue may properly be addressed by an
19  agreement of the parties without the need for an amended pleading.  *See* Escobedo
20  Decl., at ¶ 15.  To resolve this issue in good faith and to avoid wasting the Court's
21  time, counsel for the parties proposed to resolve the exhaustion issue by simply
22  dropping Defendant's exhaustion defense. *See* Escobedo Decl., at ¶ 15.  On October
23  5, 2020, Plaintiff's counsel sent Defendant's counsel a copy of the Notice of Claims
24  as proof of exhaustion, and on October 12, 2020, Defendant's counsel confirmed in
25  writing that it was withdrawing its Third Affirmative Defense.  *See* Escobedo Decl.,
26  at ¶ 15; Exhibit 5 to Escobedo Decl.

27      Finally, on April 22, 2021, and again on April 29, 2021, Plaintiff served the
28  LWDA with a copy of the PAGA Settlement through the LWDA's online portal.

*See* Escobedo Decl., at ¶ 16.  To date, LWDA has not indicated any response or opposition to the proposed PAGA settlement.  *See* Escobedo Decl., at ¶ 16. Therefore, the analysis can proceed to consider whether the settlement agreement is fair, reasonable, and adequate in view of PAGA's public policy goals.

**B.    The Settlement Agreement Is Fair, Reasonable, and Adequate in View of PAGA's Public Policy Goals.**

1.    *The strength of Plaintiff's case*

The operative First Amended Complaint alleges that the aggrieved employees including Mr. Real worked in sales for Defendant and earned commission wages pursuant to Defendant's Sales Compensation Plan(s).  *See* FAC, at ¶ 13.  Upon making sales, a portion of employees' commission was earned upon the sale and the remainder of the commission accrued and became earned upon the occurrence of additional conditions.  *See* FAC, at ¶ 13.  Commissions were earned as follows: 25% upon execution of an agreement and acceptance by WiLine; 25% upon service activation; and 50% after 90 days after activation provided the agreement is still active and not in dispute.  *See* FAC, at ¶ 13.

During the relevant period, discovery showed that Defendant discharged 29 employees in California who were paid on a commissioned basis.  *See* Defendant's Supplemental Response to Interrogatory No. 13, Exh. 11 to Escobedo Decl. However, Plaintiff alleges, Defendant refused to pay employees the remainder of their commissions after their discharge, citing a provision in its policies stating that post-termination accruals of commissions will not be paid.  *See* FAC, at ¶ 14. Plaintiff alleges Defendant failed to pay all these wages due either at the time of discharge.  *See* FAC, at ¶ 19.  In addition, for those commissions that had not yet been earned at the time of termination and were awaiting the completion of conditions precedent (e.g., completion of the 90-day period), Plaintiff alleges Defendant failed to pay employees immediately upon completion of the 90-day period. *See* FAC, at ¶ 19.  Finally, Plaintiff alleges that Defendant failed to issue

1  complete and accurate wage statements upon each payment of wages in violation of

2  California Labor Code §226(a).  *See* FAC, at ¶ 24.

3       Defendant disputed that any violation occurred.  *See* Escobedo Decl., at ¶ 20.

4  Focusing on Mr. Real for instance, based on Defendant's interpretation of its Sales

5  Compensation Plan, Defendant's position is that it paid Mr. Real all commissions it

6  owed him at the time of discharge, and paid all subsequently-accruing commissions

7  in a timely manner.  *See* Defendant's Response to Interrogatory No. 8, Exhibit 6 to

8  Escobedo Decl.  Plaintiff understood and interpreted the Sales Compensation Plan

9  differently, yielding the opposite conclusion.  *See* Plaintiff's Response to

10 Interrogatory Nos. 1-8, Exhibit 7 to Escobedo Decl.  In the other words, there was a

11 reasonable dispute regarding the facts in this case, and there was significant risk in

12 this regard for both parties going forward.

13      The applicable law was also in dispute.  Relying primarily on two opinions of

14 the Department of Labor Standards Enforcement (DLSE) (Exhibits 8 and 9 to

15 Escobedo Decl.), Plaintiff argued that the Sales Compensation Plan was

16 unenforceable to the extent that it was applied by Defendant to extend the payment

17 of commission wages past the time that employees were discharged.  Plaintiff

18 argued that when the employee and customer have done everything they need to do

19 to consummate a sale, the commission has been "earned" and must be paid at the

20 time of discharge.  If the only act that is needed to complete the sale is for

21 Defendant to recognize the sale and calculate the commission, the commission has

22 been earned, Plaintiff argued.  But there was and is no binding precedent before this

23 Court adopting Plaintiff's view (or the DLSE's view for that matter) prohibiting a

24 plan like Defendant's Sales Compensation Plan.

25      In general, legal uncertainty favors approval of a settlement. *Browning v.

26 Yahoo! Inc*., No. C04-01463 HRL, 2007 WL 4105971, at *10 (N.D. Cal. Nov. 16,

27 2007). Here, Plaintiff would be required to prove at trial each of the underlying

28 Labor Code violations as to each of the 29 allegedly aggrieved employees to seek

penalties under PAGA. *See Cardenas v. McLane Foodservice, Inc.*, No. SACV 10-473 DOC (FFMx), 2011 WL 379413, at *3 (C.D. Cal. Jan. 31, 2011) ("Given the statutory language [of PAGA], a plaintiff cannot recover on behalf of individuals whom the plaintiff has not proven suffered a violation of the Labor Code by the defendant.").  Moreover, even if Plaintiff prevailed, Plaintiff may not recover all the civil penalties sought. A court may reduce the penalty when "to do otherwise would result in an award that is unjust, arbitrary and oppressive, or confiscatory." Cal. Lab. Code. § 2699(e)(2). Therefore, this factor favors approving the settlement.

### 2. *The risk, expense, complexity, and likely duration of further litigation*

For similar reasons, the need to demonstrate all 29 aggrieved employees' entitlement to a PAGA award threatens a risky, expensive, and complex trial that would extend the duration of the lawsuit. Additionally, Plaintiff risks an adverse judgment which could result in either a diminished recovery or no recovery at all. Although Plaintiff's counsel was confident that Plaintiff would prevail at trial, and that Mr. Real would subsequently be able to use a positive ruling in his favor to arbitrate his claim in his individual capacity, Plaintiff's counsel concluded that continued litigation was not in the best interest of Mr. Real or the aggrieved employees or Mr. Real.  *See* Escobedo Decl., at ¶ 22. Finally, Defendant risks the potential for a judgment levying a significantly higher fine and attorneys' fee award than that proposed in the settlement agreement.  Thus, this factor also favors approving the settlement.

### 3. *The amount offered in settlement*

Plaintiff sought the following civil penalties: (1) $100 per aggrieved employee for alleged violations on one occasion (discharge) of Labor Code § 201-203 [Lab. Code, § 2699(f)(2)]; and $250 per aggrieved employee for alleged violations on two occasions (at discharge and for subsequent commission payment) of Labor Code § 226 [Lab. Code, 2699(a)/226.3].  *See* Escobedo Decl., at ¶ 24.  In

other words, following discovery, Plaintiff's counsel valued the claims at a maximum of $17,400 (29 default $100 civil penalties under § 2699(f)(2), and 58 $250 civil penalties under §§ 2699(a)/226.3).  *See* Escobedo Decl., at ¶ 24.

The amount offered in settlement weighs towards approval of the settlement. First, the civil penalty payment of $2,500 represents approximately 14% of the maximum penalties recoverable.  The agreed-upon civil penalty is within the realistic range of recovery of civil penalties in this action.  *See Carrington v. Starbucks Corp.*, 30 Cal.App.5th 504, 529 (2018) (awarding 10% of maximum penalty).  *See Fleming v. Covidien, Inc*., No. ED CV 10-01487 RGK (OPx) 2011 WL 7563047, at *4 (C.D. Cal. Aug. 12, 2011) (reducing the penalties by over 80%).

In accordance with statute, 25% of the amount allocated as civil penalties is to be paid to the aggrieved employees, with the remaining 75% to be paid to the LWDA. *See* Escobedo Decl., at ¶ 23.  This is an adequate amount to advance PAGA's purpose of deterring noncompliance with California's labor law.

Moreover, only the aggrieved employees' PAGA claims are being released. *See* Escobedo Decl., at ¶ 23.   No individual claims of the aggrieved employees (besides Mr. Real) are being released, nor could they in this action. *See* Escobedo Decl., at ¶ 23.

As for Real's individual settlement amount, $5,000 is also reasonable. Moreover, Real is the only named plaintiff, and he has borne the risk alone in pursuing litigation against a former employer. As reflected in counsel's time records, Mr. Real spent many hours communicating with counsel, responding to discovery, preparing for and giving testimony at deposition, and generally assisting in the prosecution of this case.  *See* Exh. 10 to Escobedo Decl.; Exh. A to Rhyne Decl.  Additionally, Mr. Real is the only person granting a general release, whereas other aggrieved employees remain able to prosecute their own claims in their individual capacities, should they desire to do so.  Considering the circumstances, Mr. Real's individual settlement amount is reasonable.

Finally, as for the attorneys' fees and costs, PAGA provides for reasonable awards but does not provide a specific standard for evaluating attorneys' fees in a settlement of PAGA claims. Cal. Lab. Code § 2699(g)(1). In the Ninth Circuit, district courts generally may award attorneys' fees under a fee-shifting statute using either the lodestar method or the percentage-of-the-fund method. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002); *Rincon v. West Coast Tomato Growers, LLC*, No. 13-CV-2473-JLS, 2018 U.S. Dist. LEXIS 22886, 2018 WL 828104, at *5 (S.D. Cal. Feb. 12, 2018) (approving attorneys' fees in a PAGA case using both the lodestar and the percentage methods); *Ramirez v. Benito Valley Farms, LLC*, No. 16-CV-04708-LHK, 2017 U.S. Dist. LEXIS 137272, 2017 WL 3670794, at *3 (N.D. Cal. Aug. 25, 2017) (approving attorneys' fees in a PAGA case using the lodestar method).

The proposed attorneys' fees and costs award ($14,500 for fees and $3,000 for costs) is reasonable. Plaintiff's counsel has collectively spent 99.7 hours to date litigating this case (54.8 hours for Mr. Escobedo and 44.9 hours by Mr. Rhyne). *See* Escobedo Decl., at ¶ 28; Rhyne Decl., at ¶ 12. Based on Mr. Escobedo's reasonable hourly rate of $400, and Mr. Rhyne's reasonable hourly rate of $500, the lodestar is $44,370. *See* Escobedo Decl., at ¶ 28. Thus, their requested fee award is approximately 32% of the lodestar. An attorney fee award of $14,500 is reasonable considering the substantial work performed by Plaintiff's counsel. *See* Escobedo Decl., at ¶ 28. The request for $3,000 in costs is also appropriate. *See* Escobedo Decl., at ¶ 29. Therefore, this factor favors approving the settlement.

4.    *The extent of discovery completed and the stage of the proceedings*

This case has been litigated for the past year through the recent close of discovery. When the proposed PAGA settlement was reached, the parties had completed written discovery and production of relevant documents. *See* Escobedo Decl., at ¶ 19. Next, the parties were anticipating notices to aggrieved employees

allowing them to opt out before Defendant produced their contact information to Plaintiff (aka *Belaire-West* notices), and Plaintiff was preparing to take Defendant's deposition.  *See* Escobedo Decl., at ¶ 19.   Because the parties have engaged in extensive discovery and worked diligently on this case for the past year, this factor weighs in favor of finding the settlement fair, reasonable, and adequate.

               5.      *The presence of government participation*

The LWDA has not directly intervened in this case or spoken on the proposed PAGA settlement.  *See* Escobedo Decl., at ¶ 13.  Therefore, this factor is neutral.

               6.      *The expertise and views of counsel*

Plaintiff's counsel has extensive experience in employment litigation, including both wage-and-hour class actions and representative PAGA actions. *See* Escobedo Decl., at ¶¶ 3-11; Rhyne Decl., at ¶¶ 3-10.  Plaintiff's counsel is of the opinion that the PAGA settlement is fair, reasonable, and adequate. *See* Escobedo Decl., at ¶ 24.  Based on the conduct observed during the past year of litigation of this case, Defendant would continue to defend the claims aggressively through trial and through appeal, if necessary.  *See* Escobedo Decl., at ¶ 32.  This factor, as well as all the above factors, favor approving the PAGA settlement.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the present motion and entered the proposed order submitted concurrently herewith.

DATED: April 30, 2021                **WORKWORLD LAW CORP.**
                                      A Professional Corporation

                    By:  /s/ Ruben Escobedo
                    RUBEN ESCOBEDO
                    Attorneys for Plaintiff, MICHAEL REAL, and on Behalf of Other Members of the Public Similarly Situated and the State of California